Nov. Term,
1858.

THE STATE
v.
MAGEE.

*Per Curiam.*—The judgment is affirmed, with costs.

DAVISON, J., dissented.

*P. L. Spooner*, for the bank.

*G. Holland*, for the appellees.

---

## THE STATE *v.* MAGEE.

Indictment charging that *A.*, on, &c., at, &c., with intent to cheat and defraud *B.*, falsely and fraudulently represented and pretended to him that *C.* was indebted to him, *A.*, and if he, *B.*, would lend him, *A.*, five dollars, *C.* would, on demand, repay the same; that *B.*, believing *A.'s* representation, loaned *A.* five dollars; that in truth, the representations were false, &c.; that *C.* was not indebted to *A.* in any sum; that *B.* demanded of *C.* the sum loaned, but he refused to repay it. *Held*, bad on motion to quash.

The Courts will not give the statute against false pretenses a range so wide as its terms would seem to demand.

The pretenses must be made for the purpose of inducing a person to part with his property; they must be of an existing fact; and they must be such that a person of ordinary caution would give them credit.

*Friday,*
*November* 26.

APPEAL from the *Delaware* Circuit Court.

DAVISON J.—Indictment. The charge is, that *Magee*, on, &c., at, &c., with intent to cheat and defraud one *Samuel J. Williams*, falsely represented and pretended to *Williams*, that one *Norman Black*, of, &c., was then indebted to him, *Magee*, and if he, *Williams*, would lend him, *Magee*, five dollars in money, or in bank notes circulating as money, that then he, *Black*, would, upon demand, repay the money or bank notes, then and there to be loaned by *Williams* to *Magee*. And *Williams*, believing from the aforesaid representations, that *Black* was so indebted, and would repay him, *Williams*, upon such demand, and fully confiding in, and relying on the representations so made, loaned to *Magee* one five dollar bank note, then and there current, circulating as money, and of the value of five dollars; whereas, in truth and in fact, the representations so made, &c., were false and fraudulent; *Black* was not indebted to

*Magee*, in any sum or amount whatever; and *Williams* demanded of *Black* the sum so loaned, but he, *Black*, then and there refused to pay, &c.   And so the jurors, &c.

The Court, upon the defendant's motion, quashed the indictment.

Are the false pretenses, alleged in the complaint, sufficient to make a case, within the purview of the statute? This is the only question presented by the record.

The statute says: "If any person, with intent to defraud another, shall designedly, by color of any false token · or writing, or any false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, transfer, note, bond, or receipt, or thing of value, such person shall, upon conviction thereof, be imprisoned," &c.   2 R. S. p. 410, § 27.

This enactment seems to be broad enough to embrace any and every false representation made by a party, by means of which he has fraudulently obtained the property of another.   It cannot, however, intend to have a range so wide as its terms would seem to indicate; because, if it be literally construed, breach of contract and crime will scarcely be divided by an appreciable line, and acts which have been understood as creating mere civil liabilities, will be punished criminally.   The pretenses must be of some existing fact, made for the purpose of inducing the prosecutor to part with his property, and to which a person of ordinary caution would give credit.   A pretense, therefore, that a party would do an act he did not intend to do, is not within the statute; because it is a mere promise for his future conduct.   Roscoe's Crim. Ev. 465, *et seq.*—11 Wend. 557.—14 *id.* 547.—3 Hill, 169.—4 *id.* 9, 126.—19 Pick. 186.   These authorities plainly show that any representation or assurance, in relation to a future event, may be a promise, a covenant, or a warranty, but cannot amount to a statutory false pretense.

In the indictment before us, the pretense averred is twofold—that *Black* was indebted to *Magee*, and would, upon demand, pay the loan.   Now it cannot, with any degree of plausibility, be assumed that *Williams*, being a person of

ordinary caution, would have given the credit solely upon the pretense that *Black* was indebted to *Magee*, especially as there was no representation as to the amount of such indebtedness, nor of *Black's* ability to pay; nor does it appear that *Williams* knew that *Black* was of such ability. Hence, the averment, to be at all effective as a pretense, must be taken together; but, when so taken, it is really nothing more than a promise by *Magee*, that *Black*, upon demand, would repay the amount loaned. And such promise, relating to a future event, cannot be held a false pretense, within the legal meaning and import of the statute.

*Per Curiam.*—The judgment is affirmed.

*D. Nation* and *C. E. Shipley*, for the state.

*W. March* and *T. J. Sample*, for the appellee.