## The People vs. Clement Pray.

It is no less a false pretense, within the statute, that the party imposed upon might, by common prudence, have avoided the imposition.

*Cass County Circuit Court, January 20, 1870.*

The information in this case charges "that on the 25th day of December, A. D. 1868, at the village of Dowagiac, in the county of Cass, Clement Pray did falsely and feloniously pretend to Charles A. Thompson, of the firm of Thompson & Son, that J. Wilford Thompson was in the habit of giving him, the said Clement Pray, credit at the store of said Charles A. Thompson & Son, by means of which said false pretenses the said Clement

Pray did then and there designedly and feloniously obtain from the said store of Charles A. Thompson & Son one shirt, of the value of two dollars and fifty cents, of the goods, chattels, and property of them, the said Charles A. Thompson & Son, with intent the said Charles A. Thompson & Son then and there to cheat and defraud."

The information concludes with the usual special averment negativing the pretenses.

The respondent demurs to the information, on the ground that it does not charge any legal offense; and on argument, assigns as cause of demurrer the following:

1. That the pretense that J. Wilford Thompson was in the habit of giving respondent credit at the store of Charles A. Thompson & Son was not, if true, any reason why he should have further credit, and constituted no basis of credit; but, on the contrary, unless accompanied—as it was not—by the averment that he had justified such credits by payment at maturity, was a good reason why he should *not* have further credit.

2. That pretenses of the falsity of which, if they be false, the complainant has the means at hand of detecting are not within the purview of the statute; and the complainant, Thompson, had such means in his account books, which would show whether respondent had any account or credit in or on them.

3. It is not shown in the information that said J. Wilford Thompson had any connection, as clerk, partner, or otherwise, with the said store of Charles A. Thompson & Son.

4. The pretense charged was one which was not only not calculated to deceive a man of any degree of caution or sagacity into giving a credit to the respondent, or into selling him the goods on credit, but was directly calculated to induce and prompt said Charles A. Thompson to inquire, and ascertian from his books, and from the respondent himself, whether the pretense was true, and whether he had paid for any goods he had theretofore bought on credit; in other words, was directly calculated to put said Thompson on inquiry, and nothing more.

5. It is not averred that the respondent requested any credit of said Thompson & Son; nor does it appear that the credit was not given voluntarily and without regard to the pretense.

THE PEOPLE *v.* CLEMENT PRAY.

6. As it is material to prove that the said Thompson believed and relied upon the pretense, it is necessary that that fact be expressly averred in the information, which is not done.

*George Miller*, Pros. Attorney, for the People.

*J. B. Clark* for Respondent.

*By the Court*, BROWN, J.—The main ground relied upon in support of the demurrer is that the alleged pretense would not furnish a reason why the owners of the goods should part with them—that no man of ordinary discretion could be thus induced to give credit.

The authorities upon this point are by no means uniform; one class holding that the false pretenses must be so artful that they are "calculated to impose upon a person using ordinary caution in the transaction," while another class are upon the theory that the statute is made for the benefit of not only the shrewd business man, but also for the credulous and unsuspecting.

In the case of *The People vs. Williams*, 4 *Hill*, 9, it is held that though the representation be false, it is not within the statute unless calculated to deceive persons of *ordinary prudence and discretion.* In the case of the *Commonwealth vs. Hutchinson*, 2 *Penn. Law Jour.*, 243, the learned Judge says: "Broad, however, as is the phrase, 'for any false pretense whatever,' it still has a legal limit, beyond which it cannot be carried in this or any other case. It extends no farther than to a case where a party has obtained money or property by falsely representing himself to be in a situation in which he is not, or any occurrence which has not happened, *to which* persons of ordinary caution might *give credit.* Where the pretense is absurd or irrational, or such as the party had at the very time the means of detecting at hand, it is not within the Act." The same doctrine is held in the case of 3 *Hawks*, 620 ; 4 *Pick.*, 177, 178 ; 14 *Wend.*, 549 note; 2 *Parker*, 139, 147 ; 11 *Ind.*, 154 ; 11 *Wend.*, 566 ; *Carrow vs. State*, 7 *Eng.* (*Ark.*), 65 ; 3 *Hill*, 169 ; *Goodhall's case*, *Ry. and Mood. Cr. Cas.*, 461, 463 ; *Rosc. Cr. Ev.*, 362 ; *Young vs. The King*, 3 *Term R.*

The best considered English and American cases, however, seem to hold a different doctrine.

It being remarked that the "pretense should be such as would deceive a man of average intelligence," Lord Denman, C. J., answered : "I never could see why that should be. Suppose a man has just enough [fraud] to impose upon a very simple person, and defraud him : how is it to be determined whether the degree of fraud is such as will amount to a misdemeanor?" *R. vs. Wickham*, 10 *Ad. and E.*, 34. In the case of *R. vs. Wooley*, 1 *Den. C. C.*, 559, it was held that want of prudence on the part of the prosecutor is no defense where the prosecutor was really imposed upon. See, also, *R. vs. Ball*, 2 *Russ. on Cr.*, 289 ; 1 *C. and Mars.*, 240 ; *R. vs. Abbott*, 2 *Car. and Kir.*, 629 ; *S. C.*, 1 *Den. C. C.*, 273. In Pennsylvania it is now held that "it is no less a false pretense that the party imposed upon might, by common prudence, have avoided the imposition." *Com. vs. Henry*, 10 *Harris*, 256. In New York the position of the earlier courts has been greatly qualified. See 4 *Denio*, 529 ; 4 *Barb.*, 151 ; 5 *Parker*, 142. In § 416, 2 *Bishop's Cr. L.*, 3d *Ed*, occurs this language: "No man of business was ever found so wary as not to commit, at some time in his life, a mistake therein which any jury of twelve men would say, on their oath, could not be done by a man of ordinary judgment and discretion. These things being so, plainly, the Court cannot direct a jury to weigh a pretense, an argument, an inducement to action, in any other scale than that of its effect."

It would seem that the design of the statute was that its provisions should be sufficiently broad to protect the weak and shield the credulous against the arts and wiles of the shrewd, designing, and artful. With this view of the case, the information must, in this respect, be held sufficient.

Is there a sufficient averment that the prosecutor relied upon and believed the alleged pretenses to be true? Such belief is an essential ingredient of the offense—4 *Barb.*, 151 ; *R. vs. Mills*, 40 *E. L. and E.*, 562 ; and upon principle it would seem that it should be positively averred. But as the prosecutor has followed substantially the language of the statute in describing the offense, and the precedents which have so long been in use

both in this country and in England as almost to become a part of the law, I do not feel warranted in sustaining the demurrer upon this ground.

The demurrer must be overruled.