ELIAKIM C. LONG *vs.* JABEZ C. WOODMAN, Jr.

*Deceit—action for.*

An action on the case for deceit will not lie for inducing the plaintiff to convey to the defendant certain real estate in consideration of a loan of a certain sum of money, and a promise on the part of the defendant to execute to the plaintiff a bond for the reconveyance, on payment of the loan, and a refusal to execute the bond after the conveyance.

ON EXCEPTIONS to the ruling of *Goddard, J.,* of the superior court of the county of Cumberland.

The declaration, omitting the description of the land, was as follows :

In a plea of the case ; for that the said defendant, on the 6th day of March, 1868, with intent, then and there, to cheat and defraud the plaintiff, together with one George W. Reed, induced the plaintiff to convey to them, the defendant and said Reed, certain real estate of the property of the plaintiff, and of the value of fifteen hundred dollars, described in the plaintiff's deed to the defendant and said Reed, as follows : ... by then and there lending to the plaintiff a certain sum of money, to wit, the sum of two hundred

and thirty-six dollars, to be repaid to them, the defendant and said Reed, with interest in two years from said 6th day of March, 1868, and by promising and causing the plaintiff to believe that they, the defendant and Reed, would then and there, as a part of the same transaction, make, execute, and deliver to the plaintiff, a good and sufficient bond or obligation, stipulating that they, the defendant and said Reed, would reconvey to the plaintiff said real estate upon the payment by him, to them, of said sum of two hundred and thirty-six dollars and interest, at or before the expiration of said two years; whereupon the plaintiff made, executed, and delivered to the defendant and said George W. Reed, a good and sufficient warrantee deed of said real estate, describing it as herein before recited; said deed being made "subject to two mortgages, given by said Joseph Reed, and George W. Reed, to William H. Baxter," which mortgages, since said sixth day of March, A. D. 1868, to wit, on the twenty-first day of August, A. D. 1869, have been paid and satisfied by the mortgagers; yet the said defendant intending wickedly and fraudulently to cheat, deceive, and defraud the plaintiff at the time of said conveyance to him and said George W. Reed, after obtaining said deed from the plaintiff, as aforesaid, refused then and there to make, execute, and deliver such bond or obligation, and ever since has refused, though then, immediately thereafter, and frequently since thereto, requested by the plaintiff; and on the first day of May, A. D. 1868, he, the said defendant, and said George W. Reed, conveyed to Nathan M. Woodman, by quitclaim deed, one undivided third part of said real estate, and on the seventeenth day of September, A. D. 1868, said George W. Reed conveyed to defendant all his right, title, and interest in said property, and the said defendant, on said sixth day of March, A. D. 1868, refused and still refuses to reconvey said real estate to the plaintiff, although the plaintiff was ready, and on the fifth day of March, A. D. 1870, offered to pay and tendered to defendant the sum of three hundred and fifty dollars, being said sum of two hundred and thirty-six dollars and interest thereon, and all charges and expenses to which defendant had been put on account of said property, including taxes,

and all other sums due from plaintiff to defendant, and thereupon requested the defendant to release and reconvey said premises to him, the plaintiff, which the defendant, with the same intent to cheat and defraud the plaintiff thereof, refused to do.

To this declaration the defendant specially demurred, and the plaintiff joined the demurrer. The presiding judge sustained the demurrer and adjudged the declaration defective; and the plaintiff alleged exceptions.

*Davis & Drummond* and *Bonney & Pullen,* for the plaintiff, cited *Towle* v. *Lovett,* 6 Mass. 394; *Somes* v. *Brewer,* 2 Pick. 184; *Green* v. *Tanner,* 8 Met. 411; *Blood* v. *Hayman,* 13 Met. 231.

*A Merrill,* for the defendant, cited 1 Chitty's Pl. 229; Gould's Pl., c. 4, § 12; *Everstone* v. *Miles,* 6 Johns. 141; *Bayard* v. *Malcomb,* 1 Johns. 461; *Tryon* v. *Whitmarsh,* 1 Met. 5, 6; *Coffin* v. *Coffin,* 2 Mass. 363; *Reed* v. *Smith,* 1 Allen, 520; 1 Hill. on Torts, 11, 12; *Cunningham* v. *Kimball,* 7 Mass. 65; *Hanson* v. *Edgerly,* 9 Foster (N. H.), 358; *Pace* v. *Parker,* 40 N. H. 70; *Petigrew* v. *Chillis,* 41 N. H. 102; *Weeks* v. *Barton,* 7 Verm. 70; *Ide* v. *Gerry,* 11 Verm. 617; *Young* v. *Covill,* 8 Johns. 25; *Hazard* v. *Irvin,* 18 Pick. 96; *Pedrick* v. *Porter,* 5 Allen, 327; *Fuller* v. *Hodgdon,* 25 Maine, 248; *Collins* v. *Denison,* 12 Met. 549; *Larrabee* v. *Larrabee,* 34 Maine. 483.

APPLETON, C. J. This is an action on the case for deceit. The defendant has filed a special demurrer to the declaration, which has been joined. The only inquiry arising is whether it sets forth any cause of action.

When stripped of all inculpatory phraseology, the declaration alleges the following facts: that on the 6th day of March, 1868, the defendant, and one George W. Reed, induced the plaintiff to convey to them certain real estate, described in the writ, by lending to him (the plaintiff) two hundred and thirty-six dollars, and by promising to give him a bond to reconvey the property in two years, upon the payment of said sum and interest; that after obtaining

said deed they (the defendant and said Reed) refused to give said bond; that on the 5th day of March, 1870, the plaintiff tendered to the defendant the sum of three hundred and fifty dollars, being said sum of two hundred and thirty-six dollars and interest thereon, and all other charges and expenses to which defendant had been put, on account of said property, including taxes and all other sums due from the plaintiff to the defendant; and that he demanded a reconveyance of said property, which defendant then and there refused to make.

To entitle a party to maintain an action for deceit by means of false representations, he must, among other things, show that the defendant made false and fraudulent assertions, in regard to some fact or facts material to the transaction in which he was defrauded, by means of which he was induced to enter into it. The misrepresentation must relate to alleged facts or to the condition of things as then existent. It is not every misrepresentation, relating to the subject-matter of the contract, which will render it void or enable the aggrieved party to maintain his action for deceit. It must be as to matters of fact, substantially affecting his interests, not as to matters of opinion, judgment, probability, or expectation. *Hazard* v. *Irwin*, 18 Pick. 95. An assertion respecting them is not an assertion as to any existent fact. The opinion may be erroneous; the judgment may be unsound; the expected contingency may never happen; the expectation may fail. An action of tort, for deceit in the sale of property, does not lie for false and fraudulent representations concerning profits that may be made from it in the future. *Pedrick* v. *Porter*, 5 Allen 324. An action for deceit in the sale of real estate cannot be sustained by proof of fraudulent misrepresentations as to the price paid by the vendor. *Hemmer* v. *Cooper*, 8 Allen, 334.

So in criminal law, to sustain an indictment for cheating by false pretences, there must be direct and positive assertion as to some existing matter of fact, by which the victim is induced to part with his money or property. A false representation, promissory in its nature, as to pay money or do some other act, has never been held to be the foundation of a criminal charge. *Ranney* v. *The People*, 22

N. Y. 413. In an indictment for obtaining goods under false pretences, no statement of anything to take place in the future will constitute a pretence within the meaning of the statute. *Glackan* v. *Com.*, 3 Met. (Ky.), 232. A representation or assurance in relation to a future event is not a statutory false pretence. *State* v. *Magee*, 11 Ind. 154.

Here the defendant, when or after he obtained his deed, promised " to make, execute, and deliver a good and sufficient bond," to reconvey, upon certain conditions, the land conveyed to him and Reed, which upon request he refused to do. Here is no false representation or concealment of an existent fact. Yet this is the gist of the plaintiff's complaint, that a promise made has not been performed. Had it been performed, the plaintiff had no case.

Here is a promise to do some future act; but whether it be to pay money or give a bond is immaterial. If the promise had been to pay a sum of money instead of giving a bond, no action for deceit could have been maintained, though the money was not paid at the stipulated time. This case in no respect differs from a broken promise to pay for goods sold. The goods are delivered upon the expectation that the promise to pay will be performed. The deed was given upon the expectation that the bond would be delivered in accordance with the promise of the grantee.

The declaration' sets forth a promise to deliver a certain bond as therein described. It does not state whether it is in writing or not. There is no special plea denying it to be in writing. *Lawrence* v. *Chase*, 54 Maine, 196. If the promise was in writing, it was for a sufficient consideration, and the plaintiff may maintain an action thereon.

If not in writing it would be void by the statute of frauds. *Lawrence* v. *Chase*, 54 Maine, 196. But a verbal promise within the statute is no false representation. It is a promise, for the violation of which the law fails to provide a remedy, in case of its non-performance. In *Fisher* v. *New York C. P.*, 18 Wend. 608, the facts were somewhat similar to those in the case at bar. The plaintiff below leased certain premises to the defendant, and promised to

make repairs thereon, which he refused to do.   Mr. Justice Cowan, in delivering the opinion of the court, uses the following language. " Fraud cannot be predicated of a promise not performed, for the purpose of avoiding a written instrument, or a bargain of any kind. This case is no more.   A contrary doctrine would avoid almost every contract for a breach of which a suit is to be brought.   I have only to say that the tenant and defendant below were content to take the plaintiffs' word.   If that was not legally obligatory, then there has been a mistake of the law; but the defendant could not set that up as fraud."   The case of *Com.* v. *Brennerman*, 1 Rawle, 314, resembles the present.   In delivering the opinion of the court, Rogers, J., says, " There is no doubt that in the breach of prom-. ise, Henry Brennerman, in a moral point of view, was guilty of fraud; but it was no more fraudulent than any other breach of trust or promise.   There was no false representation or conceal-ment of any existing fact, which constitutes the legal idea of fraud."

*Exceptions overruled.*

KENT, WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., con-curred.