Perkins v. Lougee.

THOMAS H. PERKINS AND JAMES D. HARFORD, PLAINTIFF IN ERROR, v. EDWIN F. LOUGEE, DEFENDANT IN ERROR.

1. **Fraud**: Fraud cannot be predicated on a promise not performed. To be available there must be a false assertion in regard to some *existing* matter by which a party is induced to part with his money or property.

2. ———: RESCISSION OF CONTRACT. In morals the failure to perform a promise may be without excuse or justification; but in law false representations to authorize the rescission of a contract must be made in regard to *existing facts*.

ERROR from the district court for Buffalo county. The facts are sufficiently stated in the opinion.

*Groff & Switzer* and *E. C. Calkins*, for plaintiff in error.

The facts stated in defendant's answer do not constitute a defense. 1. False representations to constitute fraud must be made concerning an existing fact. 2. False representations promissory in their nature are not sufficient to found an action for fraud. 3. The false statement of an opinion is insufficient, and the expression of intention to act in future is neither more nor less than an opinion. *Long v. Woodman*, 58 Me., 49. *Hazard v. Irwin*, 18 Pick., 95. *Pedrick v. Porter*, 5 Allen, 324. *Hemmer v. Cooper*, 8 Allen, 334. *Ranney v. Tne People*, 22 N. Y., 413. *Glacken v. Commonwealth*, 3 Met. (Ky.), 232. *State v. Magee*, 11 Ind., 154. *Fisher v. New York*, 18 Wend., 608. *Com. v. Brennerman*, 1 Rawle, 314. *Grove v. Hodges*, 55 Penn. State, 504. *Somer v. Richards*, 46 Vt., 170. *Hutchinson v. Brown*, Clark's Ch., 408. 4. The answer admits payment long after the discovery of the alleged fraud, and such payment is an affirmance of the contract. *Hammond v. Pennock*, 61 N. Y., 145. *Mas-*

*son v. Bovet*, 1 Denio., 69. *Woodruff v. Garner*, 39 Ind., 246. 1 Wash. on Real Prop., 302.

*Hamer & Conner*, for defendant in error, reviewed the cases cited by plaintiff in error at length, quoting from the opinions to show that none of them were in point in the case at bar, and cited *contra*, *Wilcox v. Iowa University*, 32 Iowa, 367. 1 Story Eq. Jur., Sec. 193. *Smith v. Richards*, 13 Pet., 26. *Shaeffer v. Sleade*, 7 Blackf., 178. *Gatling v. Newell*, 9 Ind., 577, and cases there cited.

The question was fairly submitted to the jury as to whether the plaintiffs at the time the contract was made intended the fraud, and the jury found in the affirmative. It is preposterous to suppose that they were not at liberty to do this from the testimony. What witness could be expected to swear that he knew of his own knowledge that plaintiffs intended fraud? Witnesses can only be produced in any case who will swear to the *acts* of other men, not their *intentions*. The question of intention is to be inferred from the parties' acts, and this question was exclusively for the jury. They have passed upon it, and found that fraud was intended, and this court is asked to invade their province and to find the facts differently. If there is any testimony going to show fraud it is sufficient. The question is not whether this court, had it tried the cause, might have found differently. *Haight v. Hayt*, 19 N. Y., 465. *Erwin v. Voorhees*, 26 Barb., 127. This court is asked to legalize an *admitted* fraud. Plaintiffs admit that the act complained of was a fraud in morals, but not in law. At least they ask that the act be now legalized if it has not been heretofore. The fact that the fraudulent representations were made in regard to improvements to be put upon *other* lots, and so were made in reference to a matter extrinsic to the subject of the contract, can make no difference.

The true questions are, were the representations made, were they false, were they relied upon, and were they material ?   *Smith v. Countryman*, 30 N. Y., 655. *Medbury v. Watson*, 6 Met., 246.   *Hill v. Bush*, 19 Ark., 522.

MAXWELL, J.

The plaintiff on the twenty-eighth day of February, 1873, sold to the defendant lot twenty in Perkins and Harford's second addition to the town of Kearney Junction, for the sum of $300; $100 of which sum was paid at the time of entering into said contract for the sale of said lot; $100 with interest was to be paid in one year from that date, and $100 with interest to be paid in two years from date.   The defendant afterwards paid thereon the sum of $25. This is an action for the unpaid purchase money.   The defendant answered :   " That immediately prior to the execution and delivery of the said contract the said plaintiffs, to induce the said defendant to purchase said lot, did then falsely and fraudulently, and with the intent to cheat and defraud the defendant, represent to him that said lot was of great value, to-wit, of the value of $300, by reason of being situate in the immediate vicinity, to-wit, within eighty feet of the south-east·corner of lots eleven, twelve, thirteen and fourteen, upon which lots the said plaintiffs falsely and fraudulently represented to defendant that they were about to erect a large brick hotel of the value of several thousand dollars.   That plaintiffs, for the purpose of inducing the defendant to purchase said lot at a price far exceeding its true value, and for the purpose of cheating and defrauding defendant out of the difference between the true value of said lot and the price mentioned in said contract, to-wit: out of the sum of $270, did then falsely and fraudulently state to the said defendant, well know-

Perkins v. Lougee.

ing the same to be false at the time of said statement, and having no intention to carry out the promise then made, stated that in a few days they would commence the erection of said hotel," etc.

The cause was tried to a jury who found in favor of the defendant. A motion for a new trial was overruled and judgment rendered on the verdict. The cause is brought into this court by petition in error.

It appears from the testimony that the defendant went upon and examined the lot in controversy before purchasing. The only question therefore to be considered is the sufficiency of the answer.

Can fraud be predicated on a promise not performed for the purpose of avoiding a written instrument or a bargain of any kind? I think not. To be available there must be a false assertion as to some *existing* matter by which the victim is induced to part with his money or property. If it is said that there was no intention on the part of the plaintiffs to perform on their part by the erection of the hotel, and that the defendant was induced to purchase the lot in question by the promise of the plaintiffs to erect a hotel, it may be answered that the defendant was content to take the plaintiff's promise, and fraud cannot be based on a failure to perform the same. In morals the failure to perform such a promise may be without excuse or justification, but in law false representations to authorize a rescission must be made in regard to *existing facts*. *Ranney v. People*, 22 N. Y., 417. *State v. Magee*, 11 Ind., 154. *Ex parte Fisher*, 18 Wend., 608. *Long v. Woodman*, 58 Me., 49. *Groves v. Hedges*, 58 Penn State, 504. The answer therefore does not state facts sufficient to constitute a defense.

The judgment is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.