## George R. Chambers v. Edgar P. Mitchell.

1. DECEIT—*when declaration in action for, defective.* A declaration in an action for deceit which does not allege that the defendant did not perform the undertaking upon which the plaintiff relied, is fatally defective.

2. DECEIT—*when action for, does not lie.* An action for deceit does not lie where the representations relied upon by the plaintiff were mere promises, and this, notwithstanding the defendant at the time he made such promises did not intend to keep the same.

Action on the case for deceit. Appeal from the Circuit Court of Coles County; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1905. Reversed without remanding. Opinion filed December 22, 1905.

A. J. FRYER, for appellant.

H. A. NEAL and J. H. MARSHALL, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case, by which appellee seeks to recover damages alleged to have been sustained by reason of false and fraudulent representations on the part of appellant. The trial below resulted in a verdict for the plaintiff in the sum of $800. Motions for a new trial and in arrest of judgment were interposed by the defendant and overruled, whereupon this appeal was prayed. A demurrer was interposed as to each of the six counts of the declaration, and sustained as to the first two of them. We are of opinion that the court should have sustained the demurrer as to the remaining counts as well. Neither of them states a good cause of action.

The third count avers that on August 10, 1904, plaintiff, at the request of defendant, invested $2,000 in the Jenkins-Chambers Company, a corporation; that defendant then and there falsely represented that he had invested $11,500 in said corporation and was a stockholder therein, and promised plaintiff that he would devote his time and attention to the business thereof; that the investment of said

$11,500 in said business and the giving of his personal attention to the same gave value to the stock of said corporation; that relying solely upon such false and fraudulent representations, plaintiff invested $2,000 in the stock of said corporation; and that defendant, on the day aforesaid, falsely and fraudulently deceived plaintiff, etc.

The count contains no averment that the defendant did not invest the sum stated in the corporation nor that he failed to devote his time and attention thereto. Neither does it aver that any loss accrued to plaintiff because of the false and fraudulent representations charged. For these reasons the count is clearly defective.

The fourth count avers that on July 1, 1904, Jenkins and one Chambers for the purpose of securing $2,000 from plaintiff, conspired together to form a corporation to be called the Jenkins–Chambers Company and the defendant agreed with the plaintiff that he would become a member in said corporation and invest the sum of $11,500 therein, and would devote his time and attention to the business of said corporation, when in truth and in fact said defendant did not intend to take said stock or devote his time and attention to said business, and plaintiff relying, etc., etc., invested in said corporation $2,000 and lost the same.

This count is insufficient in that it fails to aver that the defendant failed to fulfill the agreement or promise upon which plaintiff relied.

The fifth count alleges in substance that on August 10, 1904, the defendant falsely, etc., represented that he had paid into the Jenkins–Chambers Company, a corporation, the sum of $11,500, and plaintiff believing such representation and relying thereon invested $2,000 in said corporation, which sum was lost, etc. This count is insufficient, because it fails to aver through what cause or by what means the investment was lost.

The sixth count avers, in substance, that plaintiff and one Jenkins, on July 1, 1904, conspired together to induce plaintiff to enter into a contract (which is set out in *haec verba*) to form a corporation to be known as the Jenkins–

Chambers Company, for the purpose of engaging in the dry goods business at Charleston, Illinois, for the period of twenty years, by the terms of which contract defendant agreed to take 115 shares and plaintiff twenty shares, each paying cash for the same, and Jenkins agreed to take 115 shares to be paid for with his stock of dry goods at invoice price.

It further avers that defendant had been for many years a dry goods merchant in said city of Charleston; that plaintiff relied wholly upon the promise of defendant to comply with the terms of said contract and give his time and attention to the dry goods business of the corporation; that defendant after the formation of said corporation allowed his name to be used in the title of the corporation and was treasurer of the corporation, etc., and pretended to devote his time and attention to its business and falsely represented that he had paid his subscription of $11,500, and would in good faith carry on said business, etc.; that relying thereon, etc., plaintiff invested $2,000 in the stock of said corporation; that defendant neglected and refused to invest one penny in the stock of said corporation, and entered into an agreement with Jenkins that he should be absolutely released from his obligation under said contract and should withdraw from said business on January 1, 1905; that by reason of such withdrawal and false representations said corporation became embarrassed and $1,000 of plaintiff's investment was lost to him; that the sole inducement for the investment by him was the promise of defendant that he would invest said sum of $11,500 and would devote his time to said business, etc.; that his personal knowledge of the business, etc., and large acquaintance with the people was of great value, and that plaintiff invested his $2,000, relying solely upon the promise of said defendant, by means, etc., he lost the sum of $1,500, etc.

This count is also defective. It appears from the averments thereof that the subscription by plaintiff to the capital stock of the corporation was induced solely by the promises and representations of defendant that he would

perform certain acts in the future. Such representations or promises, however fraudulent, and although accompanied with an intention not to perform, cannot be made the basis of an action for fraud and deceit. To warrant an action for a false and deceitful representation, the fact or facts must have been asserted to exist at the time the representations were made, or as having taken place. Gage v. Lewis, 68 Ill., 604; People v. Healy, 128 Ill. 16; People v. Jacobs, 72 Ill. App. 286; Jacobs v. Marks, 83 Ill. App. 167; People v. Thomas, 3 Hill, 169.

Under the terms of the contract plaintiff was legally bound to subscribe for the shares of stock, and after having done so, the further duty devolved upon him to accept and pay for the same. Moreover the agreement to subscribe stock and incorporate was in writing, and such contract must be held to embody all antecedent agreements between the parties. Parol evidence is not competent to enlarge the terms thereof. No cause of action was stated in or by either count of the declaration, and the motion in arrest of the judgment should have been sustained. For the error of the trial court in overruling such motion the judgment must be reversed.

We are further of opinion that the facts disclosed by the evidence fail to show such fraud on the part of defendant as would warrant a recovery under any state of the pleadings in the present form of action. The promise that he would subscribe for stock in the corporation to the amount of $11,500 was performed and by his subscription he became legally liable to the corporation to the extent thereof. There is no proof which sustains the averment that he at any time told the plaintiff that he had paid the amount of his subscription. Notwithstanding plaintiff may have subscribed to the stock under the belief that defendant would pay for his stock in cash, continue in the business and devote his time and attention thereto, defendant had nevertheless a right to dispose of his shares at any time and quit the business, and his having done so constituted no fraud. There was nothing in the written contract which prevented

his so doing. The subsequent agreement between him and Jenkins was therefore legitimate and was neither fraudulent nor deceitful in law. While he failed to pay for his stock, he was legally liable therefor, and the evidence shows that he was financially responsible for the amount subscribed by him. In this view of the case the cause should and will not be remanded.

*Reversed without remanding.*