STATE LIFE INSURANCE COMPANY, APPELLEE, v. HENRY
BOLTON, APPELLANT.

FILED NOVEMBER 6, 1908. No. 15,329.

Insurance: ACTION ON NOTE: DEFENSE OF FRAUD. In an action upon
a note executed at the maturity of the second premium on a life
insurance policy in payment of such premium, the defense that
such note was obtained by fraud is not sustained by evidence
that the policy issued and accepted by defendant is less favorable
to him than the agent taking the application represented it would
be.

APPEAL from the dstrict court for Colfax county:
JAMES G. REEDER, JUDGE. *Affirmed.*

*C. J. Phelps* and *H. P. Peterson,* for appellant.

*Morley Cain* and *W. I. Allen, contra.*

CALKINS, C.

The plaintiff on the 31st day of March, 1904, issued to
defendant a policy upon what was denominated in the
application for the same the "20 payment life commuted
premium dated back deferred divided plan." The policy
provided for 20 annual payments of $498.01 each from
its date of March 31, 1897. To enable the defendant to
pay the commuted premium which was demanded for
dating back the policy, the company was to loan the
assured $2,140 upon the maturity of the policy, upon
which loan he was to pay interest at the rate of 5 per cent.
per annum in advance. In this transaction no actual
funds passed between the parties, but the plan was ef-
fected by the execution of a policy loan agreement, which
recited that the plaintiff had loaned the defendant the
above sum, and pledged the policy for its payment. The
defendant executed his note due ten months after date
in payment of the first premium and advance interest
upon said loan, which note he afterwards paid. When

the annual premium of March 31, 1905, became due upon the policy, he executed a note for the amount of such premium due in six months from said date. This note recited that the same was for a premium due March 31, 1905, upon said policy, and that, in case there should be a failure to pay the same when due, the policy should thereupon *ipso facto* become void, and that the note should remain valid for the proportion of its face and interest that the time the insurance so thereby extended should bear to the whole time covered by the premium. This note the defendant failed to pay when due. The policy was kept in force by means of the note for six months, during which time one-half of the annual premium was earned; and for this sum, less $61.60 credited by the plaintiff from the reserve, it brought this action. The defense attempted to be interposed was for fraud in obtaining the application for insurance and the note sued upon. There was a trial to a jury, at the close of which the court directed a verdict for the plaintiff for $203.33. From a judgment rendered upon this verdict the defendant appeals.

The answer charged that the note sued upon and the policy, the premium upon which it was executed to pay, were obtained by false and fraudulent representations made by one Crane, an agent for the plaintiff. There was no pleading of any fact showing what representations, if any, were made to secure the execution of the note, and no evidence whatever to support the legal conclusion contained in the answer that the note sued upon was obtained by means of any representations, false or otherwise, made by Crane or any other person on behalf of the company. The only evidence as to the conditions is that of the defendant, who, being asked under what circumstances he executed the note, answered: "I executed the note for the reason that I had——I did not want to lose a $10,000 policy, if everything was all right, but I suspicioned I had been defrauded, and I wanted to gain time to investigate to be sure whether I should continue payments or

not, and I issued that note. Otherwise my policy would, of course, have lapsed at once." This, perhaps, should dispose of this defense. But it is argued that, if the defendant was induced by plaintiff's fraud to enter into the contract of insurance in the first instance, then notes afterwards given by him to pay his premiums are really obtained by the same fraud. Without determining this question, we have therefore carefully examined the allegations of the answer and the evidence to ascertain if there is any testimony which might properly have sustained a verdict for defendant upon this issue. The answer is too voluminous to be quoted at large; but carefully analyzed, and reduced to its simplest terms, it charges that the agent represented, first, that defendant was to obtain a rate charged for a person seven years younger than he was; second, that the contract of insurance was an especially advantageous one which was issued by standard companies to a favored few in special instances; and, third, that defendant could obtain a loan of plaintiff for $2,140 to be applied on future premiums

The evidence wholly fails to support the first charge. It clearly shows that the rate was made known to the defendant in dollars and cents; but whether it was a rate properly chargeable to him at his age or to a person seven years younger does not anywhere appear.

Whether the second representation, that the contract of insurance was an especially advantageous one is a statement of fact or is in the nature of an expression of opinion, and therefore not a subject of false representation, need not be considered. There is absolutely no proof as to whether these representations were true or false.

In reference to the third charge, the plaintiff testifies that the agent said he was to have a loan of $2,140, which was to be secured by the policy and paid at the maturity thereof, and that the proceeds of the loan were to be applied upon future premiums. He states that he executed the note for the $2,140, and that he understood that

that amount was to be applied upon future premiums. He admits, however, having received on about April 19, 1904, the receipt of the insurance company, which plainly states that the $2,140 was in payment of the commuted premium for the period from the date of the policy to the actual time of the transaction. If we assume the fact to be established that the agent Crane told the defendant that this $2,140 was to be applied on future premiums, we have then a case where the contract executed by the principal does not conform to the promise and agreement of the agent, and not a case of fraud. Fraud cannot be predicated on a promise not performed. *Perkins v. Lougee*, 6 Neb. 220. If the company failed to give the contract which had been agreed upon, it was a breach of contract, and not a fraud.

There being no evidence sufficient to have sustained a verdict for the defendant, it was proper for the district court to direct the jury to find for the plaintiff. We therefore recommend that the judgment of the district court be affirmed.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.