[No. 12145.   Department One.   December 1, 1914.]

JOHN MANNS, *Appellant*, v. BOSTON HARBOR RAILROAD, STEAMSHIP AND LAND COMPANY, *Respondent.*[1]

VENDOR AND PURCHASER—RESCISSION — FRAUD — REPRESENTATIONS AS TO FUTURE EVENTS.  A vendee is not entitled to rescission of a contract for the sale of lands, for fraudulent representations inducing the sale, where the representations were as to improvements to be placed on land in the neighborhood greatly enhancing its value, and all related to events to occur in the future, or promises on the part of the vendor to be performed in the future, and not as to any existing fact.

PLEADING—CONSTRUCTION—DEMURRER ORE TENUS.  The rule of a liberal construction of a complaint upon demurrer *ore tenus* is of no avail, where, upon making all his proof, the plaintiff could not recover in any event.

Appeal from a judgment of the superior court for King county, Humphries, J., entered March 14, 1914, dismissing an action for rescission, upon sustaining a demurrer *ore tenus* to the complaint.   Affirmed.

*Oliver Hulback*, for appellant.

*L. E. Kirkpatrick*, for respondent.

PARKER, J.—The plaintiff seeks rescission of two contracts for the purchase of real property entered into by him with the defendant, and recovery of the purchase price paid thereon. Judgment of dismissal was rendered by the superior court in favor of the defendant, upon motion of its counsel made when the cause came on for trial, challenging the sufficiency of the complaint as stating a cause for relief and his objection to the introduction of evidence in support of the facts therein alleged.   From this disposition of the cause, the plaintiff has appealed.

Appellant seeks relief upon the ground that respondent's agents, at the time of, and prior to, the entering into the contract of purchase, made to him false and fraudulent represen-

[1]Reported in 144 Pac. 535.

tations by which he was induced to enter into the contracts, resulting in his agreeing to pay for the property an amount in excess of its real value. The complaint alleges a number of representations as being made by respondent's agents to appellant a few days prior to, and upon the date of, the contract of purchase. It is, however, apparent from a reading of the complaint that all of these alleged representations related exclusively to events to occur in the future, or promises on the part of respondent as to things it would do in the future, which events have not occurred and which promises have not been fulfilled. The representations alleged are, in substance, that there would in the future be constructed by respondent and others, in the neighborhood of the property purchased by appellant from respondent, certain improvements which would result in materially enhancing the value of the property. We find nothing in the complaint pointing to any representation being made by respondent's agents to appellant as to any fact existing at the time.

These facts, it seems to us, do not, in the light of well established rules of law, entitle appellant to the relief prayed for. The rule that representations made as to future events furnish no cause for relief in an action grounded upon fraud is well stated in *Perkins v. Lougee*, 6 Neb. 220, where there was involved a promise to erect a large hotel near a lot, which unfulfilled promise was claimed to have induced the purchase of the lot. At page 223, Justice Maxwell, speaking for the court, said:

"Can fraud be predicated on a promise not performed for the purpose of avoiding a written instrument or a bargain of any kind? I think not. To be available there must be a false assertion as to some *existing* matter by which the victim is induced to part with his money or property. If it is said that there was no intention on the part of the plaintiffs to perform on their part by the erection of the hotel, and that the defendant was induced to purchase the lot in question by the promise of the plaintiffs to erect a hotel, it may be answered that the defendant was content to take the plain-

tiff's promise, and fraud cannot be based on a failure to perform the same. In morals the failure to perform such a promise may be without excuse or justification, but in law false representations to authorize a rescission must be made in regard to *existing* facts. *Ranney v. People*, 22 N. Y. 417; *State v. Magee*, 11 Ind. 154; *Ex parte Fisher*, 18 Wend. 608; *Long v. Woodman*, 58 Me. 49; *Groves v. Hedges*, 58 Penn. State, 504."

See, also, *Chambers v. Mitchell*, 123 Ill. App. 595; *State Bank of Iowa Falls v. Brown*, 142 Iowa 190, 119 N. W. 81, 134 Am. St. 412; *Tufts v. Weinfeld*, 88 Wis. 647, 60 N. W. 992; *Dawe v. Morris*, 149 Mass. 188, 21 N. E. 313, 14 Am. St. 404, 4 L. R. A. 158; *Watkins v. West Wytheville Land & Imp. Co.*, 92 Va. 1, 22 S. E. 554. Our attention is directed to *Fischer v. Hillman*, 68 Wash. 222, 122 Pac. 1016, 39 L. R. A. (N. S.) 1140, where there seems to have been involved representations as to events to occur in the future, but there were also involved representations as to existing facts. In that case, however, the rights of the parties as affected by the question here presented was not considered by the court.

It is contended by counsel for appellant that the allegations of the complaint should be liberally construed, with a view to finding a cause of action therein stated if possible, where the objections to it comes at the beginning of the trial, as in this case, instead of prior thereto by demurrer; citing *Walsh v. Meyer*, 40 Wash. 650, 82 Pac. 938. This rule of liberal construction we think is of no avail to appellant here, since, as we view the law, he could in no event recover upon making proof of all of the alleged false representations claimed by him to have been made by the agents of respondent, since such representations all plainly relate to things to occur in the future.

The judgment is affirmed.

CROW, C. J., GOSE, and MORRIS, JJ., concur.