[No. 17172. Department Two. September 19, 1922.]

LINCOLN TRUST COMPANY, *Respondent*, v. F. L. SPANGLER *et al.*, *Appellants*.[1]

BILLS AND NOTES (7, 136) — CONSIDERATION — EVIDENCE — SUFFICIENCY. There was sufficient consideration shown for defendant's note to plaintiff in the sum of $1,550, where it appears that, by agreement between defendant and one A., plaintiff gave A. a credit of $1,250 and the remainder $300 was given to defendant by check, which he cashed.

SAME (138) — VALIDITY — FRAUD — EVIDENCE — SUFFICIENCY. The defense of fraud in inducing a note by representing that the payee would receive certain security in connection with the matter is not made out where there is no evidence that it did not receive the same as promised.

SAME (13) — FRAUD (5-1) — PROMISE NOT PERFORMED. Fraud, avoiding a promissory note, cannot be predicated upon a promise not performed, where there was no false assertion as to a material fact inducing the execution of the note.

HUSBAND AND WIFE (82) — COMMUNITY DEBT — CONTRACTED BY HUSBAND — BILLS AND NOTES. A community debt is created by the note

[1]Reported in 209 Pac. 521.

of the husband for $1,550, $1,250 of which was a credit given to one A. under an agreement between the husband and A., where the balance $300 was given in cash to the community, since it is not an accommodation note where part of the consideration is received by the community.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered October 21, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action on a promissory note.   Affirmed.

*George W. Schaefer,* for appellants.
*McCarthy, Edge & Lantz,* for respondent.

HOLCOMB, J.—This is an action on a promissory note for $1,550, interest and attorney's fees, signed by F. L. Spangler, and respondent was the payee.

Appellants made separate appearances.  The defenses interposed are that the note was acquired by the respondent on fraudulent and false representations, and that the note is without consideration, and an accommodation note.   The affirmative defenses were put in issue by reply.

At the close of the testimony, on motion of respondent, the court instructed the jury that the first affirmative defense, comprising the defense of fraud, was withdrawn from the jury because no evidence sufficient to show fraud had been introduced.   The court submitted to the jury the second affirmative defense, that of want of consideration.   The jury rendered a verdict for respondent for the full amount of the note, interest and attorney's fees, and on the instruction of the court answered two interrogatories submitted to them, in the affirmative.   The interrogatories were as follows:

"(1)  Do you find from the evidence that the defendant F. L. Spangler, received a check, money or the equivalent of money for executing the note sued upon?

"(2)  Do you find from the evidence that the plaintiff gave Alvis credit for any sum in consideration of the defendant F. L. Spangler executing the note sued upon?"

The evidence showed that, for the note of $1,550, by agreement between Spangler and one Alvis, a credit of $1,250 was given to Alvis on some arrangement and agreement between him and the appellant, and the remainder of $300 was paid to the appellant by check, which was by him cashed and the community of the appellants received the benefits thereof. The evidence before the jury also showed that appellant F. L. Spangler was invited to the bank by Alvis, and not by any agent or officer of the respondent, and the agreement was stated in substance to an officer of the respondent, who, at their request, made the instruments required by them, and they were executed by appellant F. L. Spangler, delivered to respondent's officers, and the proceeds divided as arranged.

There can be no question, therefore, but that the verdict of the jury upon the interrogatories submitted to them and the general verdict arrived at were based upon ample and competent evidence, and that the note was not without consideration, and was not an accommodation note. *Skagit State Bank v. Moody,* 86 Wash. 286, 150 Pac. 425, L. R. A. 1916A 1215.

Appellants complain, however, of the withdrawal of the issue of fraud from the jury, and state that this is their principal contention. They allege that there was sufficient testimony in the case for the court to submit that issue to the jury.

The allegation of fraud was that:

"On Sunday, October 31, 1920, at the special instance and request of the plaintiff, defendant F. L. Spangler called at the office of the plaintiff and was then and there requested by C. B. Robinson, secretary and officer

of the Lincoln, Trust Company, plaintiff herein, that it had on a certain sale with one Carmichael, of Spokane, Washington, and plaintiff would like to use the name of the defendant in the consummation of said sale and in the instruments between them, which instruments were to consist of a promissory note and chattel mortgage, the promissory note alleged in plaintiff's complaint herein, and that plaintiff then and there stated to this defendant that within a few days it would receive a promissory note and chattel mortgage from the said Carmichael and the deal fully and completely closed, and that this promissory note and chattel mortgage is and would be ineffective and only used by plaintiff to close said deal, which said promissory note and said chattel mortgage was for the sole use and benefit of plaintiff herein. That defendant at that time relied on said statements of plaintiffs and believed them to be true. That plaintiff then and there prepared the promissory note and mortgage and defendant signed the same on the assurance of plaintiff that he did not assume any obligation on said instrument and was not liable thereon.''

There are two reasons why the issue of fraud alleged herein was not proper to go to the jury. The first is that the promise alleged, to wit, that within a few days respondent would receive a promissory note and chattel mortgage from Carmichael and the deal fully and completely closed, is not shown to be false. In other words, there is no evidence that respondent did not within a few days receive a promissory note and chattel mortgage from Carmichael, and the deal fully and completely closed. The second reason is that fraud cannot be predicated upon a promise not performed, for the purpose of avoiding a written instrument or bargain. To be available there must be a false assertion as to some material fact by which the victim is induced to part with his money or property. The answer to appellants' contention as to the promise is that they were

content to take respondent's promise, if made as alleged, and fraud cannot be based upon the failure to perform the same. *Perkins v. Lougee,* 6 Neb. 220; *Manns v. Boston Harbor R. S. & L. Co.,* 82 Wash. 411, 144 Pac. 535, and cases cited therein.

It is next contended that there was no basis for a community judgment against both the appellants.

The jury having found upon sufficient evidence that there was a consideration flowing to the community for the note, and it was not an accommodation note, appellants' contention cannot be sustained. It is true that the community cannot be held for an obligation which is purely one of suretyship and not of benefit to the community, but if the community receives a benefit, even though not the entire benefit, the community becomes obligated. *Shuey v. Holmes,* 22 Wash. 193, 60 Pac. 402; *Case Threshing Machine Co. v. Wiley,* 89 Wash. 301, 154 Pac. 437; *Union Securities Co. v. Smith,* 93 Wash. 115, 160 Pac. 304, Ann. Cas. 1918E 710.

The verdict and judgment are correct and are affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.