[No. 2724. Decided February 9, 1898.]

JAMES T. ANDERSON *et al.*, *Appellants*, v. W. H. CAR-
OTHERS *et al.*, *Respondents*.

PLEDGE — NEGLIGENCE OF PLEDGEE — LIABILITY.

A pledgee is liable for the damage resulting from unreasonable
delay in marketing livestock which has been pledged for the
security of a debt due from the pledgor, but upon the condition
that the stock should be sold, the proceeds applied to the ex-
tinguishment of the debt and expenses of sale and any balance
remaining paid over to the pledgor.

Appeal from Superior Court, Kittitas County.—Hon.
JOHN B. DAVIDSON, Judge. Affirmed.

*Ralph Kauffman*, for appellants.

*Edward Pruyn*, and *H. J. Snively*, for respondents:

The allegation is made in the counter-claim that the
plaintiffs undertook to market these sheep. The law im-
plies, no time being fixed, that they shall do it as reasona-
ble and prudent men and within the time such a man would
act in. It was, therefore, proper to admit the contract and
all other evidence showing the circumstances surrounding
the parties and the property and the indebtedness, when
the contract was made. Schouler, Bailments (2d ed.),
§§ 206-208; *Hayes v. Paul*, 88 Am. Dec. 569; *Lucketts
v. Townsend*, 49 Am. Dec. 735; *Second National Bank
v. Sproat*, 56 N. W. 254; *O'Brien v. Moffitt*, 133 Ind.
660 (36 Am. St. Rep. 566); *Montague v. Stelts*, 37 S. C.
200 (34 Am. St. Rep. 736); *First National Bank v.
O'Connell*, 84 Iowa, 377 (35 Am. St. Rep. 313); *Dowling
v. Dowling*, 2 Colo. App. 28. It has been held in the case
of *Cooper v. Simpson*, 16 Am. St. Rep. 667 (4 L. R. A.
194), that a contract of pledge may make it the duty of

the pledgee to sell within a specified time, and his failure so to do renders him liable to the pledgor. While no time has been fixed in the contract in the case at bar in terms, and while we insist that a proper construction means that the sale should be immediately, yet if the court does not adopt this view, the view must be adopted that the sale was to have taken place within a reasonable time, and we submit that thirty days' time is too long for these people to leave the matter of marketing these animals without attention. Many are the cases holding pledgees liable for failing to collect a debt promptly, even where the duty was by implication. Among these cases are *Wheeler v. Newbould*, 16 N. Y. 392; *Overlock v. Hills*, 8 Me. 383; *May v. Sharp*, 49 Ala. 140; *Reeves v. Plough*, 41 Ind. 204; *Goodall v. Richardson*, 14 N. H. 567.

The opinion of the court was delivered by

DUNBAR, J.—The appellants sued upon a promissory note. The respondents answered, denying the responsibility of the firm in the execution of the note, and set up·certain facts constituting a counter-claim, to-wit: that the defendants were indebted to them for a balance due upon a sale of sheep made by them to the defendants; that the defendants had given to the plaintiffs a bill of sale of 1900 head of sheep in August, 1893, said sheep then being at Trevor, Wisconsin; that the plaintiffs took possession of said sheep thereunder as security for the balance due them on the note; that the sheep were to be put on the market and sold, and plaintiffs were to retain from the proceeds the amount of their claim and pay the balance to defendants; alleged negligence on the part of the plaintiffs in selling said sheep, failure to care for them properly while they were in the possession of the plaintiffs; that by reason of the carelessness, negligence and wrongful acts of the plain-

tiffs, the sheep were not sold until the market had fallen, and the cost for their keeping had become very great; and that by reason of the negligence, carelessness and wrong-doing aforesaid, the defendants had been damaged in the sum of $4,000. It is urged by the appellants that the court erred in admitting in evidence in support of defendants' counter-claim the written agreement called the bill of sale. The ground of plaintiffs' objection was that the counter-claim did not state facts sufficient to constitute a cause of action. The real objection here must go to the pleadings, for if there was sufficient in the pleadings to constitute a cause of action the bill of sale could be introduced properly as evidence tending to support the allegations of the answer by showing the circumstances surrounding the parties when the contract was made, and the obligations of the plaintiffs under the pleadings. There was no demurrer to the affirmative answer, and an objection was virtually raised to the pleadings by the objection to the admission of this testimony. It would have been better practice, if the affirmative answer did not state sufficient to constitute a defense to the action, to have demurred to the same, but, considering the objection to the testimony, we do not think that the cases cited by the appellant sustain his contention. This is not the ordinary case of the pledgor and pledgee (after the pledgor's default) under an agreement that on such default the pledgee may sell the pledged property and pay himself out of the proceeds, under which circumstance it has sometimes been held that the pledgee is liable only for such wilful default as will show an intent to injure or defraud the pledgor.

The first case cited by the appellant, *Durant v. Einstein,* 35 How. Pr. 223, is a case of this kind. This was a sale of stock which was placed in the hands of the pledgees as collateral security, below the market price, and there was no

obligation on the part of the pledgee there to do anything but to sell the stock, but here the answer shows an entirely different case. The property pledged here was live stock, which required the exercise of discretion in sustaining it and every day that it remained unsold added an additional expense which destroyed its value, and, in addition to the allegations of the complaint that the sheep were not sold when they should have been sold, it is also alleged that they were not properly fed and cared for.

The citation from Jones on Pledges, § 735, while asserting the doctrine of the case just cited, concludes:

"It must appear that there was an intent to injure the pledgor, or that there was such recklessness shown, in the mode or time of selling, that such intent might be inferred."

We think the answer in this case alleges a state of facts from which this intent might be inferred.

In *Whitin v. Paul*, 13 R. I. 40, it was held that while the pledgee of certain promissory notes was not bound to forecast the market for the pledgor yet he was bound to use reasonable and ordinary diligence in realizing their value, but was not bound to exercise extraordinary care.

Schouler on Bailments and Carriers, in section 206, condenses the rule into the following expression.

"The true idea to be conveyed is, that the parties must be presumed to have contracted for applying the collateral in the manner which best consists with the rights of both,"

and the authorities amply sustain this announcement.

We think it plainly appears from the allegations of the answer in this case that the plaintiffs did not apply the collateral in the manner which best consisted with the rights of the defendants, which could have been done, without interfering with any rights of their own.

The second assignment, that the court erred in permit-

ting the witness George Wright to testify over the objection of plaintiffs' counsel concerning the market price for sheep between the date of the agreement and September 13, 1893, falls within the objection just discussed.

Several errors are alleged in relation to the instructions of the jury, but the record discloses the fact that no exceptions were taken to the instructions given or to the refusal of the court to give instructions asked by the appellants. They will therefore not be considered by this court.

The judgment will be affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.