# Reliance Life Insurance Co. *v.* Garth.

*Assumpsit.*

(Decided May 20, 1915.   68 South. 871.)

1. *Accord and Satisfaction; Definition.*—An accord and satisfaction is a settlement between two persons, one of whom has an action against the other, that one should do or give, and the other accept something, in satisfaction of such right of action different from, and usually less than, what might be legally enforced, such an agreement being called an accord and satisfaction when it is executed and satisfaction made; or it is a substitution of another agreement between the parties which the promisee agrees to accept in satisfaction of his right under a former one.

2. *Same; Requisites.*—There must be a meeting of the minds of the parties upon an agreement fully settling the claim, for an accord and satisfaction of such claim to exist.

3. *Contracts; Rescission.*—To rescind the contract, there must be a meeting of the minds of the parties in an agreement or mutual release fully settling all rights under the contract.

4. *Accord and Satisfaction; Insurance; Rescission; Return of Premiums.*—Whether or not there was a rescission of the contract of ac-

cident insurance, or an accord and satisfaction of a claim of the insured thereunder, accomplished by a return of the policy, and an acceptance by the insured of a return of the premiums paid, depended on whether the minds of both parties met in the intention that any claim for damages under the policy was discharged by the new agreement.

5. *Insurance; Release; Breach.*—A release of a simple contract debt, or a claim for a breach of such contract, such as a policy of accident insurance, need not be in writing, or in any set form of words.

6. *Charge of Court; Typograhical Errors.*—A charge which is marred by typographical errors may be refused without error.

APPEAL from Sumter Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by Marshall C. Garth against the Reliance Life Insurance Company of Pittsburgh, Pa., upon an accident insurance policy. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from the Court of Appeals under the act creating such court.

CHARLES A. CALHOUN, for appellant.

STOKELY, SCRIVENER & DOMINICK, for appellant.

MAYFIELD, J.—The action was on an accident insurance policy. The case was tried on the general issue, and three special pleas, setting up: (1) Breach of warranty in the representations as to the health and physical condition of insured when he procured the insurance policy; (2) rescission of contract of insurance; and (3) accord and satisfaction.

Without discussing the evidence, it is sufficient to say that the trial court properly submitted the issue to the jury as to each of the special pleas, and that neither party was entitled to the affirmative instruction as to any plea.

(1-4) The trial court, at the request of the plaintiff, gave two instructions to the jury, which were as fol-

lows: "A. In order for an accord and satisfaction to exist, or for a contract to be rescinded, there must be a meeting of the minds of both parties to the claim or the contract that the transaction relied on for the accord and satisfaction or the rescission fully settled the claim or all rights arising under said contract.

"B. In determining whether there was a rescission of the contract of insurance sued on, or an accord and satisfaction of the claim sued on, by a return of the life and accident policies and the acceptance of the premiums paid, by the plaintiff, the jury must consider from the evidence whether or not in such a transaction there was a meeting of minds between plaintiff and defendant, so that both intended that any claim for damages under the accident policy which had arisen prior thereto should be settled and discharged by such transaction."

We find no reversible error in the giving of either of these charges. Each, we think, states correct propositions of law, which were applicable to the issue on trial; and we fail to detect any misleading tendencies which could not and should not have been prevented by counter requested charges; in fact, the record shows affirmatively that such counter charges were requested by the defendant, and given.

The following are considered as among the best and the approved definitions of accord and satisfaction: "An 'accord and satisfaction' is defined to be an agreement between two persons, one of whom has a right of action against the other, that the latter should do or give, and the former accept, something in satisfaction of the right of action different from, and usually less than, what might be legally enforced. When the agreement is executed, and the satisfaction has been made, it is called an 'accord and satisfaction.'—*Rogers*

*v. City of Spokane,* 9 Wash. 168, 37 Pac. 300, 301; *Daris v. Noaks,* 3 J. J. Marsh. (26 Ky.) 494, 497. There is another and more modern application of this principle, which has been sustained by the courts. It is that an 'accord and satisfaction' is the substitution of another agreement between the parties in satisfaction of a former one; or probably a better definition would be where the promise to do a thing is set up in satisfaction of the prior right or claim. The fact that a person injured through the negligence of a city, agreed to accept a certain sum in satisfaction of his claim does not bar his right of action against the city when the city council afterwards merely authorized the comptroller to pay such sum, and he did not accept it, and no tender was made to him.—*Rogers v. City of Spokane,* 9 Wash. 168, 37 Pac. 300, 301." I Words and Phrases, page 81.

(5) The authorities on the subject were reviewed in the case of *Hand Co. v. Hall,* 147 Ala. 561, 41 South. 78, and, after quoting from 1 Cyc. 229, this court, speaking through Weakley, C. J., said: "It is quite true that section 1805 of the Code of 1896, declaring the effect of written releases, receipts, and discharges, has no application to this case, because the plaintiff gave no writing of the kind mentioned in that section. A release, however, at least of a simple contract debt, need not be in writing, and no set form of words is necessary. It may be by parol, may be express or implied, or may result by operation of law.—24 Am. & Eng. Ency. Law (2d Ed.) 284. The dictum in *Hart v. Freeman,* 42 Ala. 567, that the Code section corresponding with section 1805 of the Code of 1896 requires settlements for the composition of debts to be in writing was declared, in *Singleton v. Thomas,* 73 Ala. 205, to be erroneous as

a general proposition, although correct in the particular case wherein it was uttered."

The above charges, given at plaintiff's request, were not contrary to any of these cases.

(6) Charge 13, requested by the defendant, has evidently typograhical errors, which alone would justify its refusal; but counsel for appellant concede that it was in effect the affirmative charge, as to one issue at least; and, as we have before said, it should have been refused, because that issue was properly one for the jury.

We find no reversible error in the trial court's refusal to grant a new trial.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.