[No. 16749.   Department One.   November 19, 1921.]

LONDON GUARANTY AND ACCIDENT COMPANY, LIMITED, *Appellant*, v. WESTERN ,SMELTING & POWER COMPANY, *Respondent*.[1]

ACCORD AND SATISFACTION (3, 9)—PART PAYMENT—EVIDENCE—IN-TENT OF PARTIES. Where the contract under which payment of premium upon an accident indemnity policy issued to an employer of labor was that an advance payment should be made upon the estimated pay roll, and the balance of the earned premium was to be paid when ascertained by an audit after the close of the year, the delayed payment of the advance premium until after the cancellation of the policy, and its payment in full by two checks, the latter of which was enclosed in a letter with the statement "in full payment of our account," though accepted by the insurer, did not constitute an accord and satisfaction of the amount of the earned premium, which under the contract of the parties was to be determined by an audit at the close of the year.

INTEREST (3)—COMPENSATION FOR USE—ACCEPTANCE OF CHECK. Where a check for an advance premium of insurance is accepted as in full payment, the recovery of interest for delay in payment of the account is foreclosed.

INTEREST (20)—RIGHTS AND LIABILITIES—SETTLEMENT OF ACCOUNT. Where earned premium on an indemnity insurance policy is not

[1]Reported in 201 Pac. 914.

payable until an audit of the amount due as determinable by the pay roll for the year, no interest is allowable on the amount due; in the absence of proof as to when an audit was made.

Appeal by plaintiff from a judgment of the superior court for King county, Ronald, J., entered June 11, 1921, upon findings favorable to the plaintiff, in an action on contract, tried to the court. Reversed.

*Russell & Blinn*, for appellant.

*Ballinger, Battle, Hulbert & Shorts*, for respondent.

MITCHELL, J.—The plaintiff, London Guaranty and Accident Company, Limited, a corporation, sued the defendant, Western Smelting & Power Company, a corporation, to recover the balance due on premiums for three policies of accident indemnity insurance issued to the defendant whereby it insured the defendant against liability for injuries received by the employees of the defendant in and upon certain work it was conducting and to be continued in the state of Montana. The policies were one for each year ending September 7, 1917, September 7, 1918, and September 7, 1919, respectively. The premium to be paid for each year's insurance was based, primarily, upon an estimated pay roll for the different classes of workmen covered by the insurance, which primary payment was to be made at the time of the issuance of the policy, and thereafter the full and true amount of premium on each policy was to be determined by an audit, after the close of the year, of defendant's books with reference to the amount of the different classes of work and consequent grades of hazard engaged in by defendant's employees, with the understanding that the insured would then pay whatever, if any, further amount of premium was shown to be due by such audit.

The defendant, by its answer, admitted the execution and delivery of the policies, and affirmatively plead that it had paid premiums thereon as follows: September 14, 1916, $183.70; May 14, 1917, $229.23; August 22, 1917, $60.01; December 21, 1917, $265.90; July 24, 1919, $150; October 17, 1919, $131.70, and that such payments equaled the true amount of premiums earned on the policies. The defense of payment in full was denied by the reply.

As to the first policy, the trial court found, among other things, that an advance premium payment of $183.70 was made and "that an audit of defendant's pay rolls was thereafter made, and such audit showed earned premium under said policy amounting to the sum of $515.41, leaving an unpaid balance of earned premium under said policy of $331.71." As to the second policy, the court found, among other things, that an advance premium payment of $265.90 was made and "that an audit of defendant's pay roll for the period covered by said policy showed earned premiums amounting to $768.91, no part of which has been paid except the advance premium of $265.90 paid thereon, leaving the unpaid balance of earned premium under said policy of $503.01." As to the third policy, the court made findings, among others, as follows:

"(X)    That the estimate furnished this plaintiff by said defendant of its pay roll under such policy was the sum of $7,000, and the premium under said policy, based upon such estimated pay roll, was the sum of $281.70, which sum was thereafter paid to this plaintiff by said defendant.

"(XI)    That the said estimated premium of $281.70 was not paid in advance, as provided by the terms of said policy, but was thereafter and after the cancellation of said policy paid by two checks, as follows: a check for $150, dated July 24, 1919, and a check for

$131.70, dated October 17, 1919. Accompanying said second check was a letter from defendant to plaintiff containing the following words:

" 'I take great pleasure in enclosing herewith cheque for $131.70, in full payment of our account'.

"(XII) That the earned premium under said policy during the time it was in force was the sum of $701.50, no part of which has been paid except the sum of $281.70, paid by said two checks as aforesaid."

Upon the findings conclusions were entered in favor of the plaintiff for the amounts found to be due on the first and second policies, together with interest thereon, altogether in the sum of $990.76; while as to the third policy, it was concluded by the trial court "that the acceptance by plaintiff of the said check of October 17, 1919, amounted to an accord and satisfaction, and plaintiff, by keeping said check, is barred from further recovery under said policy." Judgment was entered in accordance with the conclusions. Neither party took exception to any finding. The plaintiff has appealed from that portion of the judgment dismissing the action as to the third policy.

The defense of accord and satisfaction was not presented by the pleadings, but in the absence of any statement of facts showing what occurred during the course of the trial, we assume the action was tried upon that defense and denial. Both parties being content with all the findings and with the judgment entered for the appellant for the balance due on the earned premiums on the first and second policies, it follows that the so-called accord and satisfaction has been made to apply only to the premium earned on the third policy. Such was the conclusion of the trial court, as already noticed, and such is the contention of the respondent here and, with minor exceptions to be noticed later, constitutes the only question in the case.

Upon the subject of accord and satisfaction it was said in *Rogers v. Spokane,* 9 Wash. 168, 37 Pac. 300: "This is one of the most difficult branches of the law to determine, as the authorities seem to be somewhat conflicting and the circumstances under which the questions arise are so diversified and numerous." However, it seems to be settled "that the rule on this question is brought down by the modern authorities to a question of intention." *Rogers v. Spokane, supra.* Or as stated in 1 C. J. (accord and satisfaction) p. 530, § 16, "The intention of the parties, which is of course controlling, must be determined from all the circumstances attending the transaction."

From the findings it appears (a) that, at the time of the issuance of each of the three policies, an advance payment was due based upon an estimated pay roll; (b) that the full earned premium on each policy could be ascertained only by an audit after the close of the year; (c) that the advance premiums were paid upon each of the two first policies; (d) that the audit of appellant's pay roll for the periods covered by the two first policies had been made, showing a total of $990.76 due to the appellant; (e) that the balance of $990.76 was unpaid at the date of the trial, and hence necessarily unpaid on October 17, 1919, the date of the check considered as an accord and satisfaction; (f) that the advance payment called for by the estimate furnished for the third policy was $281.70, which "was not paid in advance, as provided by the terms of the policy, but was thereafter and after the cancellation of said policy paid by two checks, as follows: A check for $150, dated July 24, 1919, and a check for $131.70, dated October 17, 1919"; and (g) that the earned premium under the third policy during the time it was in force was $701.50, "no part of which has been

paid except the sum of $281.70, paid by said two checks as aforesaid.'' It may be further stated that the findings, as well also the pleadings, are silent as to the dates of the audits in relation to each of the three policies.

It is difficult to perceive there has been any accord and satisfaction whatever. There was no dispute between the parties nor controversy of any kind shown by the record. Respondent's letter enclosed with its check of October 17, 1919, in no way referred to the third policy by name or other designation, nor, of course, to the full earned premium thereon to be discovered by an audit of the pay roll for that year. At the date of that check there was outstanding against the respondent in favor of the appellant hundreds of dollars due above the advance premium payments on the earned premiums under the two first policies, which is now impliedly confessed by the failure of the respondent to contest the findings and judgment thereon. With that situation confronting the parties it could be contended, and, indeed, concluded with just as much show of reason, that the check and letter of October 17, 1919, constituted an accord and satisfaction of the outstanding premium debt of the two first policies, as that it did of all the claims arising under the third policy. The $150 check of July 24, 1919, and the $131.70 check of October 17, 1919, together equal the $281.70 which was the total amount due as advance premium payment under the third policy, and it is manifest that it was the intention of the one to pay, and of the other to receive, the $131.70 check in full payment of the balance due on account of the advance premium under the third policy, and not otherwise. And, indeed, such was the legal effect of the finding of the trial court that the estimated premium of $281.70

under the third policy was not paid in advance, but thereafter paid "by two checks as follows: a check for $150, dated July 24, 1919, and a check for $131.70, dated October 17, 1919." The conclusion that there was any accord and satisfaction is inconsistent with the intention of the parties as shown by the facts and circumstances surrounding the transaction, and there should have been further judgment for the appellant in the sum of $419.80—$701.50 less $281.70.

It is further claimed appellant is entitled to interest on $281.70 from the date of the third policy to July 24, 1919, when $150 was paid thereon, and then on the remainder until October 17, 1919, when the $131.70 check was given. The acceptance of the last check in full of this account foreclosed the right of this claim for interest. It is further claimed interest should be allowed on $419.80, the balance found due on the earned premium under the third policy, from May 15, 1919, the date of the cancellation of the policy. This balance of $419.80 was not due, under the terms of the policy, until the audit was had, and in the absence of any finding as to when that audit was made, no interest is allowable to date of the judgment.

Reversed, with directions to increase the judgment so as to include $419.80 on the third policy.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.