[No. 20610.    Department One.    June 14, 1927.]

ELIZABETH HACKETT, *Respondent*, v. G. W. McINTOSH, *Appellant*.[1]

[1] ACCORD AND SATISFACTION (7)—EXECUTION OF ACCORD AS SATIS-FACTION. An accord and satisfaction of a claim for defective work on a building is not shown by a statement to the effect that the plaintiff would refuse to sign an acceptance of an offer made by defendant, but that if he would "do that, it is all-right."

[2] NOVATION (4)—ASSENT OF PARTIES. A novation is not shown where an offer to remedy defective work on a building was not accepted or the new promise relied upon in lieu of the original contract.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered November 24, 1926, upon findings in favor of the plaintiff, in an action for damages for breach of contract, tried to the court. Affirmed.

[1]Reported in 256 Pac. 1028.

*James P. H. Callahan* and *Theodore B. Bruener,* for appellant.

*John D. Ehrhart,* for respondent.

MITCHELL, J.—Mrs. Elizabeth Hackett brought this action to recover damages from G. W. McIntosh for his failure to comply with his contract to repair a house belonging to her that had been damaged by fire. Damages were demanded in the sum of $1,500 for defective work and $450 because repairs had not been finished within the time provided in the contract. The defendant admitted by his answer that he agreed to repair the building, denied that his work was done in an unworkmanlike manner, and affirmatively pleaded an accord and satisfaction. Further, he cross-complained to recover $60.50 which he alleged the plaintiff owed him. A reply put in issue the allegations of the affirmative defense and those of the cross-complaint. Upon the trial without a jury, findings of fact, conclusions of law and a judgment in favor of the plaintiff were signed and entered. The defendant has appealed.

[1] There appears to be no controversy as to the amount of the judgment, only that the respondent was not entitled to recover at all. It is clear, we think, from the evidence that, after the appellant claimed to have performed his contract, a controversy arose between him and the respondent upon her insisting that he had not performed it. Negotiations were had between the parties and their respective attorneys that resulted, as the appellant contends, in a new agreement, a promise of the performance of which on the part of the appellant was accepted by the respondent, as the appellant claims, in satisfaction of the original agreement and that thereafter she could not maintain an action for failure to carry out the original

contract, as was done in this case. We do not so understand the proof. The negotiations consisted of proposals and counter-proposals which do not appear to have been settled. The testimony upon which the appellant relies was to the effect that, finally, he made a written offer of what he was to do and gave it to her attorney for her to sign, and that her attorney said, "Well Nannie (meaning Mrs. Hackett) won't sign it, but if you do that it is all right." She did not sign the instrument and, if it be assumed that her attorney bound her by his statement, it did not amount to an agreement that the appellant's present offer to perform would be accepted in satisfaction and extinguishment of the original contract, but only that the performance or doing of what he proposed would satisfy it. This he did not do. There was no accord and satisfaction. *Rogers v. Spokane,* 9 Wash. 168, 37 Pac. 300.

[2] Counsel for the appellant presents the situation from another angle, that is, that there was a novation or the substitution of a new contract for a former one. As stated in the case of *Rogers v. Spokane, supra,* the principle is the same. The appellant was not told that his offer was accepted or that his promise would be relied on in lieu of the original contract, but that "if you do that it is all right"—performance, not promise to perform. Besides, respondent's attorney gives a very different version of the transaction and conversation. He testified:

"A. At the time he came there, I told him Mrs. Hackett would not agree to it and I told him to go up there and try to fix it with her. Q. As a matter of fact, didn't you tell McIntosh just what he said, that Mrs. Hackett would not sign anything, but if he would go up there and do those things, it would be all right? A. No, I never."

Mrs. Hackett testified she never agreed to any other than the original contract.

The burden of proving the defense was upon the appellant and he did not meet it. The preponderance of the evidence is the other way, and it also supports the findings and conclusions that the contract to repair was not performed. The allowance made therefor and adjustment of the accounts between the parties is supported by a preponderance of the evidence.

Affirmed.

MACKINTOSH, C. J., MAIN, FULLERTON, and FRENCH, JJ., concur.