[No. 20458. Department Two. August 16, 1927.]

D. W. JOYNER *et al., Respondents,* v. THE CITY OF
SEATTLE, *Appellant.*[1]

[1] PLEADING (93)—DEMURRER ORE TENUS. Objection to the sufficiency of an affirmative defense may be raised by demurrer *ore tenus* at any stage of the proceedings, under Rem. Comp. Stat., § 263.

[2] ACCORD AND SATISFACTION (1, 7)—COMPROMISE AND SETTLEMENT (2)—NATURE AND REQUISITES—EXECUTION—CONSIDERATION. In an action against a city for the recovery of damages for injuries, an accord and satisfaction is not shown, nor a binding compromise and settlement, by an affirmative answer and offer of proof to the effect that the parties agreed that the dispute should be settled and compromised for the sum of $500 and that plaintiff "accepted said settlement," agreeing that the sum was to be paid in the usual manner by a city warrant, in full payment of the claim, which warrant was duly tendered by the city; since it does not appear that the plaintiff's sole reliance was the new agreement or promise to pay, but that it was the performance thereof and payment of the sum upon which the plaintiff relied.

[3] COSTS (58)—TAXATION—PRESUMPTION THAT COSTS WERE PROPERLY TAXED. Fees of a competent and material witness, taxed by the clerk for attendance and mileage each way traveled in this state, are presumptively proper, although the witness, at the time of the accident testified to, was visiting in the city where the trial was had.

Appeal from a judgment of the superior court for King county, Moriarty, J., entered July 21, 1926, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Affirmed.

*Thomas J. L. Kennedy, Arthur Schramm,* and *A. C. Van Soelen,* for appellant.

*Stanley J. Padden* and *George F. Ward,* for respondents.

[1]Reported in 258 Pac. 479.

HOLCOMB, J.—This is an appeal from a judgment against appellant in a tort action for damages, alleged to have been received by the respondent wife from negligence in the operation of one of appellant's street cars.

The defense interposed by the appellant, and chiefly relied upon at the trial, was based upon the allegations of its affirmative answer:

"I.

"That subsequent to the filing of plaintiffs' claim for damages, and while there existed between the parties hereto a *bona fide* dispute over the validity of said claim and the amount of damage sustained by plaintiffs, the plaintiffs and the defendant entered into an oral contract, by the terms of which it was agreed that the plaintiffs' said claim for damages should be settled and compromised for the sum of five hundred dollars ($500), to be paid in the usual manner in which the defendant city pays claims for damages accruing in the operation of the municipal street railway, to wit, by the passage of an ordinance appropriating from the city railway fund the sum of five hundred dollars ($500) in full payment of said claim, and directing the city comptroller to draw a warrant upon said fund in payment of said claim upon presentation to him of a proper release from said parties.

"II.

"That thereafter and on to-wit the 22nd day of September, 1924, Ordinance No. 48219 was duly and regularly passed by the city council of the city of Seattle, and was on the 23rd day of December, 1924, approved by the mayor. That said ordinance provided for the payment of said claim in the manner agreed upon in said contract of compromise and settlement herein set forth.

"III.

"That the plaintiffs have repudiated their contract and agreement of compromise and settlement herein set forth, have refused to execute a proper release for said claim, and have refused to accept the warrant

which was drawn by the city comptroller pursuant to the terms of said Ordinance No. 48129."

These affirmative allegations were put in issue by respondents' reply.

At the trial, counsel for respondents objected to the reception of any evidence under the allegations of the affirmative answer, and demurred *ore tenus* to the affirmative answer. The trial court sustained the objections to the introduction of any evidence under the affirmative answer and the demurrer *ore tenus,* which action of the trial court, being excepted to by appellant, constitutes the basis of the chief error relied upon by appellant here.

[1] It is forcefully argued that the court erred in sustaining the objection to the introduction of any evidence under the affirmative answer and the demurrer thereto *ore tenus.*

While it may be somewhat unfair in practice, as was said in *Rogers v. Spokane,* 9 Wash. 168, 37 Pac. 300, and *Anderson v. Carothers,* 18 Wash. 520, 52 Pac. 229, nevertheless, a party may object to the sufficiency of any affirmative pleading upon which the opposing party relies at any stage of the proceedings, either in the superior or in this court. Rem. Comp. Stat., § 263 [P. C. § 8350]; *Belknap Glass Co. v. Kelleher,* 72 Wash. 529, 130 Pac. 1123; *Manns v. Boston Harbor etc. Co.,* 82 Wash. 411, 144 Pac. 535.

The error, therefore, if error there was, to be available, must be an error of substance upon this question rather than any error of procedure.

[2] Appellant also, at the time the matter was under consideration in the court below, attempted to supplement its affirmative answer by the following offer of proof:

"Let the record show that the defendant offers to prove an oral contract of compromise and settlement

by the terms of which it was agreed that the claim of
the plaintiffs which is in dispute should be settled and
compromised for the sum of $500; that the plaintiff
D. W. Joyner, acting as agent for the community,
accepted said offer and accepted said settlement; that
said D. W. Joyner accepted an agreement of com-
promise and settlement on or about December 12, 1924;
that on the same date there was transmitted to the
chairman of the finance committee of the city council
an ordinance appropriating $2,524.35 to settle the
claims of certain parties, including file No. 95991,
claim No. 32758, being the claim of D. W. Joyner in
the sum of $500; that thereafter, on the 22nd day of
December, 1924, there was passed by the city council
ordinance No. 48129, which was approved December
23, 1924, and became effective thirty days after its
approval in accordance with the city charter; that a
warrant was prepared by the city comptroller on the
city railway fund in the sum of $500 to pay said claim
upon presentation of proper release; that the plaintiff
D. W. Joyner was notified by the comptroller that the
warrant was available at his office, but said plaintiff
failed to collect same.''

Respondent contended, and the trial court enter-
tained the view, that this case is controlled by our
decision in *Rogers v. Spokane, supra.*

Appellant contends that, in the first place, there is a
marked difference between an agreement of accord and
satisfaction, which was discussed in the *Rogers* case,
and an agreement of compromise and settlement. 12
C. J. 337, 338, is quoted as follows:

''After a valid compromise agreement has been en-
tered into any subsequent remedy of the parties, with
reference to the matters included therein, must be
based on the agreement, it operating as a merger and
bar of all included claims and pre-existing causes of
action, and it is not necessary that the compromise
shall have been performed. In some cases, however,
the courts, by failing to observe the distinction between

a compromise and settlement and an accord and satisfaction have held broadly that an agreement to settle a disputed claim does not put an end to the rights of the parties to proceed on the original claim, until the agreement of settlement has been complied with."

Cases are then cited, beginning with *Flegal v. Hoover,* 156 Pa. St. 276, 27 Atl. 162, in which first cited case the decision said:

"This case was unfortunately tried on a wrong basis throughout. It was assumed that the agreement of May, 1892, was an accord, and, as its terms had not been fully carried out, that there had been no satisfaction; that the agreement was therefore inoperative, and the parties were remitted to their rights and liabilities under the original contract. This was a radical error. The agreement of May, 1892, was a compromise of disputed rights. The defendants claimed that the plaintiff was violating the contract in such manner as to entitle them to rescind, and they had in fact taken possession of the land a short time before by force. The plaintiff, on the other hand, claimed that he was pursuing his contract rights, and he had in turn ousted the defendants by force from the land. The parties then came together, agreed upon a settlement, put its terms in writing, which was signed by both, and partly carried out. Such an agreement is not an accord, but a compromise, and is as binding as any other contract."

Citing also: *Dreifus v. Columbian Exposition Salvage Co.,* 194 Pa. St. 475, 45 Atl. 370; *Bandman v. Finn,* 185 N. Y. 508, 78 N. E. 175, 12 L. R. A. (N. S.) 1134; *McCoy v. Milbury,* 87 N. J. Law 697, 94 Atl. 621; *Armstrong v. Sacramento Valley Realty Co.,* 179 Cal. 648, 178 Pac. 516; *Wray v. Sumerset Oil Co.,* 89 Okl. 71, 213 Pac. 836.

Certainly, there may be cases, as shown by the quotation from the *Flegal* case above made, where matters are so involved that an agreement to compromise and

settle constitutes a new agreement, which takes the place of any and all disputed claims and rights, and the new agreement only may be relied upon and enforced.

Compromise is the purchase of peace (12 C. J. 315); and, as a corollary, settlement is the consummation thereof.

In the *Rogers* case, *supra,* the affirmative answer relied upon was as follows:

" 'Defendant, for a further affirmative defense and answer to said complaint, alleges that, before the commencement of this action, to wit, on the ............ day of October, A. D. 1893, the said plaintiff agreed to accept the sum of three hundred and forty-three and 90/100 dollars, in full discharge and satisfaction of said claim on a compromise thereof, and to execute to the defendant a release and discharge therefrom, and that the said defendant then and there agreed to pay said plaintiff said sum in full satisfaction and discharge of said claim as a compromise thereof. That on, to wit, the 27th day of October, A. D. 1893, the said defendant, at a regular meeting of its council, by its said council empowered and directed its comptroller to issue to said plaintiff warrants for said sum, payable from its treasury, and the same are now ready to be delivered to said plaintiff.' "

Appellant contends that there is a marked distinction between the affirmative answer and the supplemental offer of proof in this case and that, because, it asserts, in this case the affirmative answer and offer of proof allege that D. W. Joyner, acting for and on behalf of the community of himself and wife, *accepted an agreement* of compromise and settlement; it is, therefore, contended that the affirmative answer and offer of proof show an acceptance of an agreement of compromise and settlement which respondents accepted and that this agreement was a new agreement

upon which only respondents could sue and upon which appellant has the right to rely as a new agreement and as a complete bar to this action for $2,000.

On the contrary, the affirmative answer and offer of proof contain something more, and must be examined as a whole, and not one particular portion. They contain the statement, that the sum of $500 was agreed to be paid respondents

". . . in the usual manner in which the defendant city pays claims for damages accruing in the operation of the municipal street railway, to wit, by the passage of an ordinance appropriating from the city railway fund the sum of five hundred dollars in full payment of said claim, and directing the city comptroller to draw a warrant upon said fund in payment of said claim upon presentation to him of a proper release from said parties."

From the above portion of the alleged oral contract, it is clear that the new agreement or promise to settle and compromise the claim of respondents was not the sole reliance of respondents, but the promise was to be performed by the payment of $500 from the city railway fund upon a proper release from respondents. In other words, there was to be satisfaction. In the *Rogers* case, *supra,* the situation was the same, and this court discussed and analyzed a number of authorities, and concluded that

". . . where it is a promise to perform instead of the performance that is accepted, it must explicitly appear that such was the intention of the parties," and (in that case) that the party did not agree to rely upon the mere promise of performance, but upon the performance of the promise. It was further said:

"From the allegations of the answer it certainly does not appear that it was the intention of the respondent to accept the promise of the city of Spokane

to pay him $343.90; but that it was the payment of the said sum that he relied upon to extinguish his claim. Under the pleadings in this case it plainly appears that the claim was to remain in force until the satisfaction under the new agreement, namely, the payment and acceptance of the warrant, was completed; and it may be, as was said in *Kromer v. Heim,* 75 N. Y. 578, that it was indefensible in morals for the respondent to refuse to abide by the agreement that he made, but he was under no legal obligation and had the right to enforce his claim at any time before his acceptance of the amount agreed upon."

It was contended in the *Rogers* case that appellant did not seek or attempt to plead accord and satisfaction, but compromise and settlement, and the distinction between compromise and settlement and accord and satisfaction was, to some extent, discussed by the quotations from text writers and cases in that case. But, whether called "compromise and settlement" or "accord and satisfaction," it was held that "it must appear that it was the new agreement to perform, which the party who was entitled to recover relied upon, instead of the performance of the agreement by the payee [payor]."

We think the *Rogers* case completely answers all the contentions of appellant as to the sufficiency of the affirmative answer and offer of proof, and that the alleged compromise and settlement is exactly the same as that in the *Rogers* case, in legal effect, and the affirmative answer, supplemented as it was by the offer of proof, did not constitute facts sufficient to constitute a legal bar to this action. See, also, notes to *Stanly v. Buser,* 105 Kan. 510, 185 Pac. 39, 10 A. L. R. 218 *et seq.; Reilly v. Barrett,* 220 N. Y. 170, 115 N. E. 453; *Hackett v. McIntosh, ante* p. 104, 256 Pac. 1028.

[3] Another error claimed by appellant is in the allowance of witness fees to a witness, named Isabelle Anderson, for two days and 302 miles mileage each way from Oroville, Washington, to Seattle, a total of $64.40. It is contended that this witness should not have been allowed more than $4.20, the mileage for twenty miles from the place of trial and the per diem. *Carlson Bros. & Co. v. Van De Vanter,* 19 Wash. 32, 52 Pac. 323, is quoted to this effect:

"We think it has been almost, if not entirely, the uniform practice of the trial courts to allow witnesses their mileage within the borders of the state whenever it was made to appear to the court that the witness attended the trial for the purpose of testifying in the case."

The record shows that Isabelle Anderson, a daughter of respondents, testified. She also testified that, at the time of the injury to Mrs. Joyner, the witness was at her residence on a visit. Her testimony was competent and material. It must be presumed, therefore, that she appeared at the trial for the purpose of testifying in the case, and that the clerk of the court, who is required to keep a record of the witnesses, their attendance and mileage, properly performed his duty. No such duty is incumbent upon the trial judge. We can see no reason, therefore, for disallowing or reducing such witness's fees and mileage.

The judgment of the trial court is therefore affirmed.

MACKINTOSH, C. J., TOLMAN, PARKER, and FRENCH, JJ., concur.